UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID DUTRA,

    Petitioner,

    v.

BEN CURRY, Warden,

    Respondent.

           No. C 06-7196 MHP

           **ORDER TO SHOW CAUSE**

    Petitioner, a California prisoner now incarcerated at the Correctional Training Facility in Soledad, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

    Jurisdiction to address a petition for writ of habeas corpus exists in the district of incarceration and in the district of conviction. 28 U.S.C. § 2241(d). Although venue may be proper in either district, when a prisoner challenges the execution of his sentence rather than the underlying conviction or sentence itself the petition is preferably heard in the district where the prisoner is confined. Campbell v. Mendoza-Powers, No. C06-5544 SI, 2006 WL 3050856 at *1 (N.D. Cal. October 20, 2006) (Illston, J.). Venue lies in this district because petitioner is confined in this district, in Monterey County.

BACKGROUND[1]

Petitioner pled guilty to second degree murder in violation of California Penal Code section 187 on March 25, 1985. On May 15, 1985 petitioner was sentenced in the Alameda County Superior Court to an indeterminate sentence of fifteen-years-to-life imprisonment. Petitioner does not challenge his conviction but instead challenges the execution of his sentence.

Petitioner alleges that when he committed the offense, he was suffering from emotional pain from being molested by two Catholic priests who taught at his high school. He claims that in high school he learned a psychological technique called biofeedback which taught him how to suppress his feelings, aggravating his emotional state. According to petitioner, evaluating psychologists have linked his offense to his inability to deal with his molestations and the repression of his emotions via biofeedback. Petitioner claims that he has learned healthy modes of releasing his emotions and has come to terms with his responsibility for the homicide. Petitioner states that during his incarceration he has participated in self-help programs, group therapy and vocational programs.

At petitioner's 2004 parole hearing, which he is contesting in his petition, the Board of Parole Hearings ("Board") denied him parole for two years. At the hearing petitioner provided evidence from his psychologist who found that petitioner did not pose an unreasonable risk of danger to society, that his offense was an isolated incident and that his classification score was zero, the lowest possible security score. Additionally, petitioner has not been involved in any violent acts during his incarceration and has no prior history of violence or crime aside from his convicted offense.

The Board denied him parole based on the nature of his commitment offense and a finding that petitioner lacked insight into his crime. The Board stated that petitioner's crime was committed in an "especially cruel, callous and dispassionate manner" and that "[t]he motive of the crime was inexplicable in relationship to the offense." Petitioner claims that the Board's finding of lack of insight is based on the psychologist's report which stated that "[petitioner] showed some insight into his commitment offense." The Board recommended that petitioner continue with the same programming with which he had been enrolled.

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v. Calderon, 517 U.S. 1111 (1996).

DISCUSSION

I.  Exhaustion of State Remedies

A habeas petitioner must exhaust whatever state remedies are available to him before filing a petition with a federal court. 28 U.S.C. § 2254(b)(1); Gatlin v. Madding, 189 F.3d 882, 887 (9th Cir. 1999). A petitioner may satisfy the exhaustion requirement by either fairly presenting each federal claim to the state's highest court or showing that no state remedy is available. 28 U.S.C. § 2254(b)(1)(A)-(B); Johnson, 88 F.3d at 829. The Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). California requires the presentation of a claim to the California Supreme Court via petition for discretionary review before state remedies are considered exhausted. Gatlin, 189 F.3d at 888. Petitioner has submitted to this court what he attests is a true and accurate copy of the California Supreme Court's denial of such a petition. Exh. O. Petitioner has therefore adequately alleged exhaustion of his state court remedies as to the claim he now raises.

1  II.     Statute of Limitations

2  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on
3  April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas
4  corpus filed by state prisoners. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997). A petition filed
5  by a prisoner challenging a non-capital state conviction or sentence generally must be filed within
6  one year from the date on which the judgment became final by the conclusion of direct review or the
7  expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For present purposes,
8  the statute of limitations began running on the date "on which the judgment became final by the
9  conclusion of direct review or the expiration of the time for seeking such review." Id.

10  The Board's decision to deny parole at issue became final on December 29, 2004. Exh. A at
11  86. The statute of limitations on petitioner's claim began running on that date. Once the statute of
12  limitations has begun to run, the petitioner is entitled to statutory tolling during the time he is
13  seeking one full round of review in the state courts. Carey v. Saffold, 536 U.S. 214, 220 (2002).
14  The statutory tolling began when petitioner filed a petition for writ of habeas corpus in the Alameda
15  County Superior Court on April 1, 2005. Exh. M at 326. The petition was denied and petitioner
16  appealed to the California Court of Appeal, First Appellate District on December 8, 2005. Pet. at 2.
17  The petition was summarily denied by the court of appeal on December 27, 2005. Exh. N. The
18  petitioner then appealed to the California Supreme Court on January 10, 2006 and the petition was
19  again summarily denied on March 1, 2006. Pet. at 2; Exh. O. Petitioner then filed the instant
20  petition on November 20, 2006. The time period between the final decision of the Board and the
21  first petition to state court, added to the time period between the California Supreme Court's
22  decision and the filing of this petition is less than one year. The petition therefore is timely.

24  III.    Due Process Claims
25       A.    Plea Agreement

26  Petitioner asserts that the Board violated his due process rights by ignoring his plea bargain
27  and denying him parole. Petitioner argues that his plea agreement mandated his release on parole
28  after ten years so long as he remained discipline-free. A criminal defendant has a due process right

4

1  to enforce the terms of his plea agreement.  Santabello v. New York, 404 U.S. 257, 261-62 (1971);
2  see also Brown v. Poole, 337 F.3d 1155, 1159 (9th Cir. 2003).  Citing to the plea colloquy, the
3  Alameda County Superior Court found that nothing in the record indicated that petitioner's plea
4  bargain included a promise by the prosecutor to release petitioner on parole at any specified time or
5  according to a regulatory matrix.  Exh. M at 327; see also Exh. B, 258–261.  Petitioner argues that
6  the state trial court improperly failed to consider his reasonable understanding of the terms of the
7  agreement.  Pet. at 28.

8        State court decisions are subject to federal habeas relief only if they are an unreasonable
9  application of clearly established federal law or based on an unreasonable determination of the facts.
10  28 U.S.C. § 2254(d); see also Early v. Packer, 537 U.S. 3, 7–8 (2002).  If the trial court fails to fulfill
11  petitioner's reasonable understanding of the plea agreement, then its decision is contrary to clearly
12  established federal law.  Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006).  Petitioner provides
13  a declaration to support his understanding of the terms of the plea agreement.  See Exh. H.
14  Petitioner believed he was only going to serve ten years based on his discussions during the plea
15  bargain.  Id. at 303.  He states that he was told his sentence was fifteen-years-to-life, but his
16  minimum time would be reduced by five years, and the actual term he would serve would be ten
17  years.  Id.  Based on these discussions he believed he would be released on parole after the minimum
18  ten years as long as he stayed discipline-free.  Id.  No other evidence or declarations were entered
19  into the record to dispute petitioner's statements.  Pet. at 28.  On the basis of the record before the
20  court, petitioner has set forth allegations that do not appear vague, conclusory, palpably incredible,
21  patently frivolous or false.  See Hendricks, 908 F.2d at 491.  This claim requires an answer from the
22  respondent.  Id.

23       B.     Evidentiary Support

24        Aside from the plea agreement, petitioner contends that the Board violated his due process
25  rights by denying him parole on grounds that are not factually supported.  "California's parole
26  scheme gives rise to a cognizable liberty interest in release on parole."  McQuillon v. Duncan, 306
27  F.3d 895, 902 (9th Cir. 2002).  Under California law, indeterminate life sentencees shall receive
28  uniform parole dates for similar crimes unless the Board finds that a release date cannot be presently

5

set because the sentencee's crime and/or criminal history raise public safety concerns requiring lengthier incarceration. Cal. Penal Code § 3041(a)–(b). Petitioner argues that the Board relied solely on his commitment offense to deny him parole but made findings about his offense unsupported by facts. "The commitment offense can negate suitability only if circumstances of the crime reliably established by evidence in the record rationally indicate that the offender will present an unreasonable public safety risk if released from prison." In re Scott, 133 Cal. App. 4th 573, 595 (2005). "Denial of parole based upon the nature of the offense alone may rise to the level of a due process violation, as where no circumstances of the offense reasonably could be considered more aggravated or violent than the minimum necessary to sustain a conviction for that offense." Id. at 598 (internal quotations omitted). Petitioner has set forth allegations that do not appear vague, conclusory, palpably incredible, patently frivolous or false. See Hendricks, 908 F.2d at 491. This claim requires an answer from the respondent. Id.

CONCLUSION

For the foregoing reasons,

(1) Petitioner's due process claims are cognizable;

(2) The clerk of this court SHALL, by certified mail:

    (a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and,

    (b) serve a copy of this Order upon petitioner and petitioner's attorneys;

(2) Pursuant to Habeas Local Rule 2254–6, respondent shall file an answer or other pleading with this court within **sixty (60) days** of the date of this order. This answer or other pleading must conform in all respects to 28 U.S.C. section 2254, Rule 5, and SHOW CAUSE why a writ of habeas corpus should not issue. Respondent shall file with the answer or other pleading a copy of all portions of the trial record that have been previously transcribed and that are relevant to a determination of the issues presented in the petition;

  (3) Pursuant to Habeas Local Rule 2254–6, petitioner shall respond to the answer or other pleading by filing a traverse with the court and serving it upon respondent within **ninety (90) days** after the date of this order;

  (4) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: April 2, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. All factual information is taken from petitioner's petition, memorandum or the exhibits attached thereto.