UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DUTRA, | No. C 06-7196 MHP |
| Petitioner, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY** |
| BEN CURRY, Warden, | |
| Respondent. | |

On November 17, 2006, petitioner, a California prisoner proceeding with an attorney, filed the above titled petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. On April 30, 2008, the court denied the petition on the merits.

Petitioner has now filed a notice of appeal from the entry of judgment in favor of respondent and a request for a certificate of appealability pursuant to 28 U.S.C. section 2253(c) and Federal Rules of Appellate Procedure 22(b). To be issued a certificate of appealability, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The question is the debatability of the underlying constitutional claim, not the resolution of that debate. *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Petitioner's claim that the Superior Court impermissibly relied solely upon the nature of the commitment offense in violation of petitioner's due process rights is a debatable issue and is an

appropriate basis for the issuance of a certificate of appealability.  In the context of the unsettled nature of this area of the law, this court finds no reason to delay in issuing this certificate pending the en banc decision in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008) *reh'g granted*, 527 F.3d 797 (9th Cir. 2008).  Because this court relied on *Hayward* in denying petitioner's claim, the court finds that the outcome of *Hayward* could render petitioner's claims debatable.  Additionally, the issue as to whether petitioner's most recent disciplinary violation alone is a sufficient reason for denial of parole may be debatable to a jurist of reason.  For these reasons, petitioner's request for a certificate of appealability is also granted as to this issue.

As to petitioner's claims that the state court relied on unconstitutionally vague criteria in upholding the unsuitability determination and misapplied the unsuitability factors, that the court improperly used the "some evidence" standard, that the decision violated petitioner's due process rights by using unproven fact findings to extend his sentence beyond the statutory maximum, and that the decision violated the terms of petitioner's plea agreement, the court finds that reasonable jurists would not find these claims debatable.  For this reason, a request for a certificate of appealability is denied as to these issues.

Accordingly, the request for a certificate of appealability is hereby GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated:  12/1/2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

2